**ALROB ENTERPRISES, INC., (a corporation), Petitioner,**

v.

**DISTRICT OF COLUMBIA ALCOHOLIC BEVERAGE CONTROL BOARD,** Respondent.

No. 8065.

District of Columbia Court of Appeals.

Argued Sept. 18, 1974.

Decided May 7, 1975.

---

Leonard W. Burka, Washington, D. C., with whom J. E. Bindeman, Washington, D. C., was on the brief, for petitioner.

James N. Dulcan, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondent.

Before REILLY, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

PER CURIAM:

Petitioner appeals from an order of the Alcoholic Beverage Control Board of the District of Columbia issued on July 26, 1973 revoking its Retailer's Class "C" alcoholic beverage license. We affirm the Board's order.

Petitioner was charged with fifteen violations of the Alcoholic Beverage Control Act. At the outset of the hearing counts five through fifteen were dismissed upon motion of the government,[1] leaving four charges to be considered at the hearing.

Petitioner admitted to the four remaining charges which variously alleged unlawful receipt and possession of unstamped distilled spirits, concealment of goods on the restaurant premises with intent to defeat the collection of taxes (both felonies),[2] failing to superintend the business, and permitting to be kept on the premises an unregistered .22 caliber rifle.

Petitioner contends the revocation of its license was arbitrary, capricious and an abuse of discretion. It argues that in imposing this sanction the Board treated it differently than others in similar situations and, in so doing, ignored its own precedents and procedures and failed to justify the different treatment accorded petitioner.

---

1. All but two of these counts charged numerous sales of narcotics on the premises by employees of petitioner. The other two charged an interference with an employee's arrest and numerous sales of liquor to a minor. In moving to dismiss these charges the government stated that it was the position of the Police Department that the prosecution of those charges in a Board hearing would not be in the government's best interest.

2. 26 U.S.C. §§ 5601(a)(11), 5604(a)(1), 7201 and 7206, respectively (1970).

It is not apparent on this record that the Board had been more lenient in its sanctions in cases involving the same combination of violations. Even if other cases were to be considered similar:

The employment of a sanction within the authority of an administrative agency is . . . not rendered invalid in a particular case because it is more severe than sanctions imposed in other cases. Butz v. Glover Livestock Comm'n Co., 411 U.S. 182, 187, 93 S.Ct. 1455, 1459, 36 L.Ed.2d 142 (1973).

In rejecting a similar contention the Supreme Court said:

[W]e cannot say that the [administrative agency] is bound by anything that appears before us to deal with all cases at all times as it has dealt with some that seem comparable. Federal Communications Commission v. WOKO, Inc., 329 U.S. 223, 228, 67 S.Ct. 213, 216, 91 L.Ed. 204 (1946).

In 2447 Good Hope Rd., Inc. v. District of Columbia A. B. C. Bd., D.C.App., 295 A.2d 513 (1972), there was a similar contention made and in considering a license revocation for failing to superintend, allowing consumption at a prohibited time and failing to frame its license under glass this court, noting that failure to superintend is listed in the statute[3] as a basis for revocation, affirmed on the basis that the Board's ultimate conclusion was within the scope of its statutory discretion. *Id.* at 516.[4]

We conclude there was no abuse of discretion in revoking the license.[5]

Affirmed.

3. D.C.Code 1973, § 25–118.

4. There was the added consideration in that case that the operators had been put on notice of a proscription respecting the managerial participation of an individual but we do not consider that this consideration makes the decision inapposite.

5. In so deciding, we do not mean to imply that we would not take appropriate action if, in another case, we were to conclude there was arbitrariness or deliberate discrimination in the imposition of administrative sanctions.